# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05cv243

| | |
|---|---|
| NANCY R. STRETCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| MISSION HEALTH, INC.; and ) | |
| HARTFORD LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant Mission Health, Inc.'s (hereinafter "Mission") Motion to Dismiss (#9) and defendant Hartford Life and Accident Insurance Company's (hereinafter "Hartford") Motion to Dismiss Plaintiff's Amended Complaint (#6).[1] In response to those motions, plaintiff filed, respectively, a "Notice of Voluntary Dismissal Without Prejudice of the Second Claim of Relief Set Forth in the Plaintiff's First Amended Complaint" (#16) and a Response to Defendant Hartford's Motion to Dismiss Plaintiff's First Amended Complaint (#15). Having considered those pleadings along with the First Amended Complaint, the undersigned respectfully enters the following findings, conclusions, and recommendation as to disposition of the pending motions.

## FINDINGS AND CONCLUSIONS

**I.     Background**

This action concerns plaintiff's application for short term disability benefits which

---

[1] The court notes that none of the parties have submitted to the Clerk of this court their consent or refusal under 28, United States Code, Section 636(c), as required by the Local Rules.

-1-

was allegedly rejected by Hartford acting as claims administrator of a benefit plan maintained by Mission. Plaintiff contends that she suffers from Multiple Sclerosis, Amended Compl., at ¶ 15, that the debilitating symptoms of such illness prevented her from perform her duties as a labor and delivery nurse, id., and that her claim for benefits while initially allowed, id., at ¶¶ 21-22, was abruptly and improperly terminated by Hartford as the claim administrator. Id., at ¶ 23.

**II.     Applicable Standard**: **Rule 12(b)(6)**

Both motions to dismiss seek dismissals based on Rule 12(b)(6), Federal Rules of Civil Procedure. Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001).

While the court accepts factual allegations in the complaint as true and considers the

facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

III. Discussion

    A.    **Mission's Motion to Dismiss**

Mission seeks dismissal of plaintiff's Second Claim of Relief which is contained in the Amended Complaint. In what appears to be a recurrent theme in pleading, plaintiff has mis-captioned such cause of action as being asserted only against Hartford, when at paragraph 22-2,[2] plaintiff specifically states that Hartford . . . and the Defendant MSJ [Mission] have violated the terms of the Plan and ERISA by their acts . . . by breaching their fiduciary duty under ERISA . . . ." Complaint, at ¶ 22-2. Rather than respond to this motion,

---

[2] Plaintiff has used a rather unique form of paragraph numbering in this particular claim.

plaintiff filed what appears to be a voluntary dismissal of this particular claim as to both defendants. See Docket Entry #16. The filing of a voluntary dismissal of a claim as opposed to an entire action is contrary to Rule 41, the decisions of this court, and the decisions of the Court of Appeals for the Fourth Circuit.

In Gahagan v. North Carolina Hwy. Patrol, 1:00cv52 (W.D.N.C. Oct. 25, 2000),[3] the district court held, as follows:

> Rule 41 . . . speaks only to the dismissal of "actions." Plaintiff does not seek, at this juncture, to dismiss the entire action; rather, as stated *supra*, he wishes to dismiss certain claims within this action . . . . Rather than a Rule 41 dismissal, the Plaintiff should seek to amend his complaint by meeting the requirements of Rule 15. "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." *Moore's Federal Practice 3d, § 41,21[2]* (citing *Skinner v. First Am. Bank of Virginia*, 64 F.3d 659 (table), 1995 WL 507264 (4th Cir. 1995).

Id., at 3-4 (citations omitted). Rule 41(a) does not appear to be the appropriate vehicle for dismissal of anything less than an entire action. While the court greatly appreciates the efforts of plaintiff's counsel in narrowing the issues, the voluntary dismissal must, respectfully, be stricken.[4] To expedite resolution of this matter, the undersigned will in the absence of a substantive response to Mission's motion, recommend that the Second Cause of Action be dismissed without prejudice in its entirety.

**B.    Hartford's Motion to Dismiss**

Hartford has also moved to dismiss both causes of action, arguing that it is not properly a party to the first count inasmuch as it is not a plan fiduciary and that the second

---

[3]    Due to the limits of electronic filing, citation to such unpublished decision is by reference to the court docket number, with a copy of the decision of the district court being available through PACER and incorporated herein by reference.

[4]    Plaintiff's filing of a Notice of Voluntary Dismissal which is unsigned by counsel for defendants is ineffectual in any event because Mission had earlier filed its Answer. Fed.R.Civ.P. 41(a)(i).

-4-

count should be dismissed because it does not seek equitable relief under ERISA. Inasmuch as the second count has been discussed above, the undersigned will limit further review to the first count.

Review of the pleadings reveals that while plaintiff timely responded to defendant's Motion to Dismiss, Hartford neither filed a reply nor informed the court that it did not intend to reply. Local Rule 7.1(B) provides, in relevant part, as follows:

> If the party making the motion does not wish to file a reply brief, it **must** so inform the Court and opposing counsel in writing by the deadline for filing the reply brief, as set forth above.

L.R. 7.1(B) (W.D.N.C.) (emphasis added). By Hartford not complying with the rule by either filing a reply or a notice, the undersigned can only assume that Hartford has no arguments in reply to plaintiff's opposition. As the proponents of the relief sought, the burden is Hartford's to show the court that it is entitled to the relief sought as a matter of law or that it would be inequitable to not grant the relief sought.

Review of the Amended Complaint does reveal the absence of a party that is typically sued in an ERISA action: the Plan itself.[5] In moving to dismiss, Hartford has argued that the Plan was established by Mission, that it is self funded by Mission, that Mission is the Plan administrator, and that Hartford was "merely the third-party administrator" and "was not the Plan Administrator, nor did it have any discretionary authority over the benefit determination of otherwise have authority over the STD Plan or its assets." Hartford's Memorandum in Support, at 1. Hartford argues that as a third-party administrator, it is not a proper party to a Section 502(a)(1)(B) benefits action.

In response to such argument, plaintiff cites King v. Square D Co., 2004 WL 537730

---

[5] Plaintiff may wish to consider filing a motion to join a necessary or appropriate party.

(W.D.N.C. 2004), in which the court found when presently with a nearly identical question, as follows:

> In this case, while the Committee retained final decision-making authority as to claims for benefits, the Plan explicitly vests in UnumProvident, the claims administrator, "the discretionary authority to make claims determinations." (Summary Plan Description at 5). Unlike a company that merely processes claims according to specified standards, then, UnumProvident enjoyed discretion to make credibility determinations, decide when and how to obtain further medical review, and make factual findings, to which the Committee could defer, as to the ultimate fact of disability. UnumProvident could exercise discretion in determining which claimants should be awarded benefits. This distinction is crucial and renders UnumProvident a fiduciary liable for the improper refusal to pay benefits under ERISA. The undersigned notes, additionally, that while a claimant could appeal to the Committee, UnumProvident was, in effect, the final authority on all claims that were not appealed, and, at least in this case, the Committee relied entirely on UnumProvident's decisions concerning medical reviews and factual findings in rendering its decisions.

Id., at *14 (citations omitted). Such decision is not only right on point, it is consistent with other decisions in this district. See Barnes v. BellSouth Corp., 2003 WL 22399567, at *7 (W.D.N.C.2003) (Thornburg, J.) ("[A] fiduciary who is retained by an employer to administer a disability benefits plan, even where payments come from the employer's funds, is faced with a conflict of interest that necessitates a modified abuse of discretion standard for reviewing its decisions."); Anderson v. Sara Lee Corp., 348 F.Supp.2d 618 (W.D.N.C. 2004) (Thornburg, J.). Hartford has failed to show this court why the precedent of this district should not now be followed or how the facts in those cases are different from the facts alleged by plaintiff herein. It appearing that plaintiff has adequately alleged the delegation by Mission of sufficient discretion to Hartford to exercise discretion in determining which claimants should be awarded benefits, the undersigned finds that Hartford is a proper defendant to this action as to the First Count.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that

(1)   plaintiff's "Notice of Voluntary Dismissal" be **STRICKEN**;

(2)    defendant Mission Health, Inc.'s Motion to Dismiss (#9) be **GRANTED** and that the Second Count of the Amended Complaint be **DISMISSED** as to both defendants without prejudice; and

(3)   defendant Hartford Life and Accident Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint (#6) be **DENIED**.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

**Signed: October 19, 2005**

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge